IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOD N. ROCKEFELLER
former ENVIRONMENTAL SCIENTIST,
WIPP SITE TEAM,
CARLSBAD AREA OFFICE,
UNITED STATES
DEPARTMENT OF ENERGY
    Plaintiff,
v.                                                                         No. 11CV520 BB/LAM

STEVEN CHU, in his official capacity as
SECRETARY, UNITED STATES DOE
    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court, *sua sponte,* under FED. R. CIV. P. 12(b)(6) for failure to state a claim. After considering the Complaint in the light most favorable to Plaintiff Tod N. Rockefeller, and the relevant law, I conclude that the Complaint should be dismissed with prejudice.

BACKGROUND

Rockefeller filed his Complaint against Defendant for "violation of Title VI of the Civil Rights Act of 1964, violations of the 1st, 5th and 14th Amendments of the United States . . . Constitution, and retaliations taken against him" on June 14, 2011. The action is based on events that occurred when he was employed by the United States Department of Energy from 1985 through 1997. In 2001, Rockefeller filed a similar action against Spencer Abraham, the then Secretary of the Department of Energy, in his official capacity. *See* CIV 01-399 JP/LCS - ACE, Doc. 1.[1] In the

---

[1]"This action is brought by the plaintiff against the defendant for violations of Title VII of the Civil Rights Act of 1964, . . . violations of the 1st, 5th, and 14th Amendments of the United States . . . Constitution, and for retaliations taken against him." CIV 01-399 JP/LCS - ACE, Doc. 1 at 1.

prior action, summary judgment was granted for the defendant on March 21, 2002. *See id.* Docs. 58 & 59. Rockefeller appealed the decision to the United States Court of Appeals for the Tenth Circuit and the decision was affirmed. *See id.* Doc. 64. In the current Complaint, after reiterating the allegations set forth in his first complaint, Rockefeller expresses his discontent with the way that the Court handled his prior case and contends that the Court violated his due process rights. *See* Doc. 1 ¶¶ 22-28, at 4. Additionally, in his Complaint, Rockefeller asserts a new cause of action inferring that Defendant may have trespassed onto his property, tampered with the electrical system and computers in his residence and otherwise unlawfully entered his residence for wrongful purposes. *See id.* ¶¶ 30-36, at 5-6.

## ANALYSIS

The Court may dismiss a complaint *sua sponte* under FED. R. CIV. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), *quoting McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). The Court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). The complaint need not recite detailed factual allegations, but the factual allegations must be sufficient to raise the right to relief above a speculative level. *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*.*" *Ashcroft v. Iqbal*, ___ U.S.___, 129 S. Ct. 1937, 1949 (2009). Only when a complaint states a plausible claim for relief does it survive a motion to dismiss. *See id.* at 1950. In reviewing a plaintiff's pro se

complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This Complaint is the second complaint that Rockefeller has filed alleging injury resulting from his termination from the U.S. Department of Energy. "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005), *citing Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993). A primary purpose of claim preclusion is to force a plaintiff to examine and consider all facts, develop all legal theories, and demand all available remedies based on a single transaction or series of transactions in his first lawsuit. *See Stone v. Dep't of Aviation*, 453 F.3d 1271, 1279 (10th Cir. 2006). Res judicata requires the satisfaction of three elements: "(1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *Gardner v. Cent. Tex. Coll.*, 259 F. App'x 136, 137 (10th Cir. 2007), *quoting MACTEC, Inc.*, 427 F.3d at 831. Additionally, the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. *See id.* A district court may *sua sponte* dismiss a complaint when the plaintiff's claims are barred by res judicata. *See Garcia v. Hoover*, 223 F. App'x 785, 788 (10th Cir. 2007).

Here, it appears that Rockefeller is trying to re-litigate the same issues that were resolved in his prior lawsuit. The prior lawsuit ended with a judgment on the merits, which was appealed and affirmed. *See* CIV 01-399 JP/LCS - ACE, Docs. 58, 59 & 64. The parties are clearly the same[2] and

---

[2]Despite the individual name of the Secretary being different, the Defendant is the same entity, the U.S. Department of Energy.

3

are acting in the same capacity in both actions. Other than the new cause of action, the allegations in both lawsuits are the same. In both lawsuits, Rockefeller complains that despite "performance appraisals [that] were consistently rated highly successful," Doc. 1 ¶ 8, at 2; CIV 01-399 JP/LCS - ACE, Doc. 1 ¶ 9, at 2, he was terminated under the auspices of "poor performance," Doc. 1 ¶ 9, at 2; CIV 01-399 JP/LCS - ACE, Doc. 1 ¶ 10, at 3. He accuses Defendant of terminating him in retaliation for revealing safety and other issues. *See* Doc. 1 ¶ 10, at 2; CIV 01-399 JP/LCS - ACE, Doc. 1. ¶ 11, at 3. He further asserts that he requested information under the Freedom of Information Act and was denied that information. *See* Doc. 1 ¶ 11, at 2 & ¶¶ 12-16, at 3; CIV 01-399 JP/LCS - ACE, Doc. 1. ¶¶ 17-19, at 3. Res judicata bars the consideration of the claims raised by Rockefeller in this federal lawsuit except those stated in the new cause of action.

      Rockefeller's new cause of action refers to events that occurred a significant time ago. Rockefeller states that "[d]uring the latter part of 1998, . . . Plaintiff began experiencing disturbing occurrences within the inside of his home where he lives alone. E.g.: food being tampered with within his refrigerator, belongings being moved out of place, etc." Doc. 1 ¶ 30, at 5. He also asserts that during that same time, his porch light stopped working and he could not fix it. *See id.* ¶ 31, at 5. Then, on May 21, 2001, Rockefeller determined that both of his home personal computers had be tampered with and would not allow him to print documents. *See id.* ¶ 32, at 5. He printed the documents from his notebook computer which he carried with him and did not leave in the house. *See id.* ¶ 33, at 5. Almost twelve years later, in July 2010, Rockefeller hired an electrician to fix the porch light and the electrician determined that "the grounding tabs on a power outlet in Plaintiff's living room had been broken off and that is what had shut down the porch light." *Id.* ¶¶ 34 & 35, at 6. Rockefeller does not specifically allege that Defendant, or a specific employee of Defendant, is the one to have engaged in trespass or any other tort against him. Instead, he states that "the only

available party to shut down said porch light to facilitate numerous break-ins into Plaintiff's home for the purpose of intimidation (tampering with food in Plaintiff's refrigerator) and disabling his computers to prevent printing of Supreme Court Petitions is Defendant." *Id.* ¶ 36, at 6.

District courts have authority to dismiss based on a statute of limitation defense when the defense is "obvious from the face of the complaint and [no] further factual record [is] required to be developed." *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995)[3]. Rockefeller bases his new cause of action of trespass on events that occurred in 1998 and 2001. Under New Mexico law, the statute of limitations for a claim of trespass is four years. *See* N.M. Stat. § 37-1-4 (1978). Rockefeller's failure to hire an electrician to fix his electrical problems until twelve years after the light malfunctioned does not toll the statute of limitations. The statute of limitations on a claim of trespass, or any other tort, has well passed; he cannot now bring that claim.

Rockefeller has not provided enough facts to articulate a claim to relief that is plausible on its face, *see Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008), and those allegations he has made indicate that allowing him to amend his Complaint would be futile, *see Bellmon*, 935 F.2d at 1110. The Court will dismiss the Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, I order that the Complaint (Doc. 1) shall be dismissed with prejudice.

IT IS SO ORDERED.

/s/ Bruce D. Black

Bruce D. Black
United States District Judge

---

[3]That the *Fratus* determination was based on 28 U.S.C. § 1915(d) and not FED. R. CIV. P. 12(b)(6) does not affect the application of the decision.